LAWRENCE FOOT *v.* B. GOLDMAN ET AL.

1. INFANT PARTNER. *Right to revoke assignment by co-partner.*

   An infant partner is not concluded by an assignment in the firm-name by his co-partner of all the partnership assets to a trustee to pay debts, and a bill by him against his co-partner and the trustee to renounce and set aside such assignment is maintainable.

2. CHANCERY COURT. *Vacating conveyance. Relief. Infancy.*

   It cannot be objected to such a bill that the effect might be the recovery of the firm assets and their conversion by the minor to his own use, to the exclusion of creditors, since the court, having avoided the assignment, will so deal with the property as to protect the rights of all parties.

FROM the chancery court of Madison county.

HON. H. C. CONN, Chancellor.

B. Goldman, a minor, by his next friend, filed the bill in this cause, alleging that he and one Silverman were partners in a mercantile business; that the firm was largely indebted, but that complainant was not insolvent; that, without his consent and against his protest, Silverman had executed in the firm-name an assignment of all the partnership assets to appellant Foot, as assignee in trust to pay the debts of the firm, some of the debts being preferred; and that Foot was sacrificing the goods.

Complainant claimed the right, because of his infancy, to disaffirm the assignment, and to compel the assignee to account to him for one-half of the goods or their value. This appeal is prosecuted by Foot, the assignee, from a decree overruling his demurrer to the bill.

*Robert Powell*, for appellants.

Silverman, the resident managing partner, had the right to make the assignment. *Stegall* v. *Coney*, 49 Miss. 761.

If the partnership was a nullity, as complainant alleges, then the goods belong to Silverman. He was conducting the business under the name of B. Goldman & Co., for it was to this concern that the goods were sold, and if Goldman was not in it, he could manifestly acquire no interest in what was bought. The assignee represents, not himself, but creditors, and his possession is, therefore, the possession of the creditors; hence the creditors have back their goods, for which they have never been paid. The firm is bound either to pay for the goods or return them. Not being able to pay for them, they have by the assignment returned them, and this contract even an infant cannot avoid. 1 Parsons on Contracts, 315.

An individual partner, whether minor or adult, has no interest in partnership property, except in the surplus, after paying the partnership debts. 51 Miss. 323.

Where an adult partner takes the partnership effects to pay firm debts, an infant partner is bound. 10 Am. & Eng. Enc. L. 636 and note 1, 639, 640, 656.

An infant cannot recover property which he has sold without accounting for the price. *Ferguson* v. *Bobo*, 54 Miss. 121; *Brantley* v. *Wolf*, 60 Ib. 420; *Ricketts* v. *Jolliff*, 62 Ib. 440.

So he cannot recover goods which he has returned in satisfaction of the purchase-money.

*W. H. Powell*, on the same side.

Infancy must be used as a shield and not as a sword. It is merely an equity in favor of this complainant, but to permit a recovery in this case would do violence to all the rules of equity. An infant by the mere fact of forming a partnership holds himself out as an adult and practices a fraud which estops him from setting up his infancy in defense. *Kemp* v. *Cook*, 18 Md. 130.

As against creditors of the firm, the infant partner has no higher right to the firm property than the adult partners. His only right

is indemnity from personal liability.   If the infant refuses to devote partnership property to pay firm debts, the adult partner has the right to have the property so applied.   An infant who has drawn out a share of his contribution to the capital must bear his proportion of the loss of the capital if his firm fails.

An infant cannot repudiate the partnership and sue for his service or for money contributed.

If, in a suit against a firm, an infant partner pleads infancy, and a judgment is rendered against the adult partners, it may be satisfied out of the firm property.   For the authorities as to the above points, see 10 Am. & Eng. Enc. L. 639.

Two principles are in conflict; that the infant shall be protected against his own imprudence; and that the creditors ought not to be cheated.   Decisions vary accordingly, as one principle or the other predominates with the court.   Ib. 647.

An infant must refund upon rescinding a contract if he has the consideration at the time.   *Harvey* v. *Briggs, ante,* p. 60.

Each partner in a mercantile firm has authority to sell the goods or to make an assignment of assets for creditors.   49 Miss. 761.

Where an adult partner assigned partnership property in trust for creditors, an infant partner on reaching majority was not allowed to recover from the assignee in trespass.   *Furlong* v. *Bartlett,* 21 Pick. 401.

To permit the infant partner to recover and convert the partnership assets to his individual use would be the grossest iniquity.

*Calhoon & Green,* for appellee.

A partner has no right to assign, thereby destroying the partnership, without the consent of his co-partner.   Even if the minor has consented, he could have afterwards disaffirmed.   While an infant may enter a firm, he is not bound by his contract of partnership either to his partner or to third persons, and his possession as a partner is determined only by his perfect right.   He may reclaim his share of the firm property at any time, or his title as co-tenant, irrespective of the state of the account between himself and co-partner.   Parsons on Partnership, § 137.

The right of a partner to act for co-partners is merely an agency. The agent could not do what his principal could not.

The assignment is void whether the question is determined by the power of a partner or by the protective disability of the minor.

Cooper, J., delivered the opinion of the court.

The decided weight, in number at least, of the authorities is that one partner has not, by virtue of the partnership contract alone, and in the absence of special circumstances, authority to convey the whole partnership property to a trustee for the payment of the partnership debts. 1 Lindley on Partnership, 127, note; Burrell on Assignments, 126; 1 Am. & Eng. Ency. Law, 847.

The authority of one partner to act for all rests upon the agency created by the contract of partnership, and in no case can an agent perform an act which, if done by the principal, would be invalid, or bind the principal irrevocably, when, if the act had been done by the principal himself, it might have been revoked.

If the appellee had himself joined in the assignment it might have been annulled on his application; it is impossible that one claiming to act as his agent can bind him irrevocably.

The suggestion that the infant seeks to get possession of the firm assets and convert them to his own use without payment of the firm debts, and that the court will by its decree aid him in this purpose, is not well founded. The court having avoided the assignment will so deal with the property as to protect the rights of all parties. 10 Am. & Eng. Ency. Law, 639.

*Decree affirmed.*